UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL SANTULLI, et al.,

                                  Plaintiffs,                  **ORDER**
                                                                               CV 08-1355 (DRH)(ARL)

    -against-

TOWN OF BROOKHAVEN, et al,

                                  Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is the plaintiffs' letter application seeking to compel the Coalition of Landlord, Homeowners and Merchants (the "Coalition") to respond to its subpoena. As a threshold matter, the court notes that the plaintiffs' application was filed pursuant to Local Rule 37.3. As such, the Coalition's opposition should have been filed in a letter not exceeding three pages. Although the Coalition has responded as if the motion were on notice pursuant to Rule 6.1, the court will consider the opposition for the sake of judicial economy.

       The Coalition seeks to quash the subpoena, which, it argues, is defective. The Coalition contends that (1) it did not receive a witness fee, (2) the subpoena did not specify a time or date for the appearance, (3) the subpoena did not state the method of recording the deposition testimony, (4) the subpoena did not provide the Coalition with a reasonable time to comply, and (5) the information being sought is irrelevant and privileged. In addition, the President of the Coalition has attested to the fact that, by the time he received the subpoena from the Secretary of State, the subpoena did not have the schedules attached to it. The court has reviewed the subpoena and notes that it did specify a date and time for both the production of documents and the deposition. The court also finds that since the crux of the plaintiffs' allegations in this case is that the defendants retaliated against them due to their membership in the Coalition, the information sought may be relevant to the plaintiffs' claims. The balance of the Coalition's defect claims can be remedied at this juncture.

       Immediately upon receipt of this order, counsel for the plaintiffs and the Coalition are to meet and confer to determine a date for both the production of the documents and the deposition at a mutually convenient time before September 17, 2010. Once counsel agree on dates, the plaintiffs are to serve a new subpoena on the Coalition. The new subpoena is to include Schedule A, must set forth the chosen dates, and must indicate the method of recording the testimony. The plaintiffs shall also provide the Coalition with the appropriate witness fee. Counsel for the Coalition is directed to accept service of the subpoena in order to alleviate the delay caused by service on the Secretary of State. To the extent the Coalition claims that some of the documents being sought are privileged, the Coalition shall, by on the date chosen for the production, identify and describe each document that it is not producing on the basis of a

privilege in such a manner that will allow the plaintiffs to assess the privilege claim.

      Given the delay caused by this dispute, the court will extend the discovery deadlines one final time. All discovery, inclusive of expert discovery, is to be completed by October 15, 2010. Any party planning on making a dispositive motion shall take the first step in the motion process by October 29, 2010. The final conference scheduled for September 13, 2010 is adjourned to November 17, 2010 at 11:30 a.m. The parties are directed to electronically file a proposed joint pretrial order prior to the conference.

Dated: Central Islip, New York         **SO ORDERED:**
       August 17, 2010

                                      _____/s/_____
                                      ARLENE ROSARIO LINDSAY
                                      United States Magistrate Judge